Gary Sparling, OSB No.: 030739
Email address: sparling@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Suite 2000
Seattle, WA  98101-2570
(206) 624-1800
(206) 624-3583 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **THE CINCINNATI INSURANCE CO.**, an Ohio Insurance Company,<br><br>         Plaintiff,<br><br>vs.<br><br>**WESTERN WORLD INSURANCE CO.**, a New Jersey Insurance Company,<br><br>         Defendant. | Case No. 6:20-cv-2145<br><br>**COMPLAINT FOR DECLARATORY RELIEF, CONTRIBUTION, AND/OR INDEMNITY**<br><br>**28 U.S.C. § 1332(a)(2)**<br>**28 U.S.C. § 2201-2202** |

Plaintiff The Cincinnati Insurance Company ("Cincinnati") alleges as follows:

### NATURE OF ACTION

1.

In this action, Cincinnati seeks a declaration that defendant Western World Insurance Company ("Western World") has a duty to defend and indemnify the parties' mutual insured in an underlying lawsuit, *Birdnest Mobile Estates, LLC v. MCH Property Management, LLC, d/b/a Partners Property Management & Sales*, Deschutes County Circuit Court Case No.

20CV07846 (the "Underlying Suit").  In addition, Cincinnati seeks a declaration that its insurance policy is excess over Western World's policy and that Cincinnati, therefore, has no further duty to defend the Underlying Suit.  Cincinnati also seeks contribution and/or indemnification from Western World for the attorney fees and litigation costs Cincinnati has paid in defending the Underlying Suit.

## PARTIES

2.

Plaintiff The Cincinnati Insurance Company is an insurance company formed under the laws of the State of Ohio and having its principal place of business in Cincinnati, Ohio.

3.

On information and belief, Defendant Western World Insurance Company is an insurance company formed under the laws of the State of New Jersey and having its principal place of business in Parsippany, New Jersey.

## JURISDICTION AND VENUE

4.

Subject Matter Jurisdiction.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because Plaintiff and Defendant are foreign insurance companies, and because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

5.

Personal Jurisdiction.  This Court has personal jurisdiction over the Defendant who, on information and belief, conducted insurance business in Oregon at relevant times.

6.

<u>Venue</u>.  Divisional venue is properly laid in this Court pursuant to LR 3-2(a)(1), because this division is where a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7.

On information and belief, Birdnest Mobile Estates, LLC ("Birdnest") owns a mobile home park in Bend, Oregon.

8.

On information and belief, on or about May 16, 2016, Birdnest hired MCH Property Management, LLC, d/b/a Partners Property Management & Sales (collectively, "PPM") as property manager for the mobile home park.

9.

On information and belief, on or about November 1, 2016, PPM and Birdnest signed a second Management Agreement for the mobile home park.

10.

On information and belief, in April 2017 Birdnest was sued by Robin and James Currin, who claimed that Birdnest failed to maintain the mobile home park in a habitable condition, including a failure to maintain plumbing facilities and the septic system, failed to provide safe drinking water, and failed to keep the grounds clean, sanitary and free from accumulations of debris and filth.

11.

Birdnest thereafter sued PPM in the Underlying Suit alleging, *inter alia*, that Birdnest appointed PPM to manage, operate and maintain the mobile home park; that the Currins notified PPM of alleged septic system failures, drinking water safety, and unsanitary grounds due to sewage back-up; that PPM failed to investigate, assess, and/or repair the alleged habitability issues raised by the Currins and failed to notify Birdnest of such issues in a timely manner; and that the Currins sued Birdnest for damages relating to the condition of the mobile home park.  A true, correct and authentic copy of Birdnest's Complaint in the Underlying Suit is attached as Exhibit A hereto.

12.

In the Underlying Suit, Birdnest prays for damages in the amount of $339,371.59 from PPM for attorney fees and costs incurred by Birdnest in defending against the Currins' lawsuit and for judgments entered against Birdnest in that suit.

13.

Cincinnati issued Commercial General Liability insurance to PPM in Policy No. EPP 037 76 85 (03/15/2016 to 03/15/2017) (the "Cincinnati Policy").

14.

Among other things, the Cincinnati Policy includes an endorsement titled "Real Estate Property Managed," which states, "With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you."

15.

The Cincinnati Policy further states that when it is excess, Cincinnati has no duty to defend an insured against any suit if any other insurer has a duty to defend the insured against that suit.

16.

Cincinnati is defending PPM in the Underlying Suit under a reservation of rights.

17.

On information and belief, Western World issued Commercial General Liability Insurance to Birdnest in Policy No. NPP8318698 (09/20/2016 to 09/20/2017) (the "Western World Policy").

18.

On information and belief, subject to its terms and limitations, the Western World Policy covers an insured's legal obligation to pay damages because of "property damage" that happens during the policy period and is caused by an "occurrence," which is defined as "an accident."

19.

On information and belief, subject to its terms and limitations, the Western World Policy states that Western World has the right and duty to defend an insured against any suit seeking damages covered by the policy.

20.

On information and belief, "insureds" on the Western World Policy include "[any] organization while acting as [Birdnest's] real estate manager."

21.

On information and belief, PPM has tendered the Underlying Suit to Western World. Cincinnati has also asked Western World to defend PPM in the Underlying Suit.

22.

Despite repeated requests, however, Western World has refused to defend or indemnify PPM for the Underlying Suit.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

23.

Cincinnati realleges the preceding paragraphs as though fully set forth herein.

24.

Cincinnati is an "interested party" under 28 U.S.C. § 2201(a).

25.

An actual controversy within the jurisdiction of this Court exists between Cincinnati and Western World regarding Western World's duties to defend and indemnify PPM with respect to the Underlying Suit.

26.

Cincinnati is entitled to a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that Western World has a duty to defend PPM in the Underlying Suit.

27.

Cincinnati is also entitled to a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that the Cincinnati Policy is excess over the Western World Policy and that Cincinnati, therefore, may cease and withdraw from any further defense of PPM in the Underlying Suit.

28.

Cincinnati is also entitled to a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that Western World has a duty to indemnify PPM in the Underlying Suit.

29.

Cincinnati is also entitled to a declaration that Western World must reimburse the attorney fees and litigation expenses Cincinnati has incurred in defending PPM in the Underlying Suit.

## SECOND CAUSE OF ACTION FOR CONTRIBUTION AND/OR INDEMNITY

30.

Cincinnati realleges the preceding paragraphs as though fully set forth herein.

31.

Western World has a duty to defend PPM in the Underlying Suit under Oregon law and the terms of its insurance policy.

32.

As a co-insurer of PPM, Western World shares a common obligation with Cincinnati to defend PPM in the Underlying Suit, subject to the "excess" status of the Cincinnati Policy.

33.

Cincinnati has paid substantial attorney fees and litigation expenses to defend PPM in the Underlying Suit, but Western World has not.

34.

Despite PPM's tender and Cincinnati's request, Western World has refused to participate in defending PPM in the Underlying Suit.

35.

Cincinnati has paid more than its just share of the common defense obligation also owed by Western World.

36.

Cincinnati is therefore entitled to contribution and/or indemnity from Western World for attorney fees and litigation expenses Cincinnati has paid for PPM's defense in the Underlying Suit, in an amount to be determined at trial.

## RESERVATION OF RIGHTS

Cincinnati reserves the right to amend its Complaint to assert additional claims, allegations and/or other matters as additional facts are obtained through discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Cincinnati prays for relief as follows:

1. For a declaration that Western World has a duty to defend PPM in the Underlying Suit;

2. For a declaration that the Cincinnati Policy is excess over the Western World Policy, and that Cincinnati, therefore, may cease and withdraw from any further defense of PPM in the Underlying Suit

3. For a declaration that Western World has a duty to indemnify PPM in the Underlying Suit.

4. For a declaration that Western World must reimburse the attorney fees and litigation expenses Cincinnati has paid defending PPM in the Underlying Suit;

5. For contribution and/or indemnification from Western World in an amount to be determined at trial;

6. For an award of attorney fees and/or costs pursuant to law, including, without limitation, ORS 28.100 and ORS 742.061; and

7. For such other and further relief as this Court deems just and equitable.

DATED this 9th day of December, 2020.

                SOHA & LANG, P.S.

                By: */s/Gary Sparling*
                    Gary Sparling, OSB No. 030739
                    Email: sparling@sohalang.com

                    Attorneys for Plaintiff The Cincinnati Insurance Company