*EXHIBIT 6*

Verified Correct Copy of Original 4/17/2017

FILED
CIRCUIT COURT

2017 APR 13 PM 3: 52

DESCHUTES COUNTY
OREGON

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

|  |  |
|---|---|
| ROBIN KAY CURRIN and JAMES GREGORY CURRIN,<br><br>Plaintiffs,<br><br>v.<br><br>BIRDNEST MOBILE ESTATES, LLC, dba DESCHUTES MOBILE HOME PARK and DOUGLAS R. BIRD,<br>Defendants. | Case No. 17 CV15370<br><br>**COMPLAINT FOR DAMAGES and DECLARATORY and INJUNCTIVE RELIEF** (Oregon Residential Landlord Tenant Act and Private Nuisance)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED<br><br>Total Damages Claimed: $290,000<br><br>Filing Fees: $531 per ORS 21.160(1)(b) |

This is a case about a landlord that failed to maintain a functioning sewage system or plumbing in a mobile park home. As a result, plaintiffs and other low-income tenants live in conditions a Deschutes County judge recently called "deplorable," with raw sewage seeping into their dwelling unit and soil and no potable water to consume. Defendants have known of these problems for years but have not addressed them. Plaintiffs are filing this lawsuit to compel Defendants to create the habitable conditions they are statutorily obligated to, and to compensate Plaintiffs for the harm they've suffered from Defendants' inaction.

**For a FIRST CLAIM FOR RELIEF (Landlord noncompliance with obligation to maintain premises – plumbing system, ORS 90.320 et seq.), Plaintiffs allege:**

Page 1 of 13 – COMPLAINT

Legal Aid Services of Oregon
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

Verified Correct Copy of Original 4/17/2017.

1.

Defendant Birdnest Mobile Estates, LLC ("Birdnest") is an Oregon limited liability corporation that owns and operates Deschutes Mobile Home Park, a manufactured home park at 60311 Cheyenne Rd, Bend, in Deschutes County, Oregon ("the park").

2.

Defendant Douglas R. Bird ("Bird" or, collectively with Birdnest, "Defendants"), a Texas resident, is the sole member and manager of Birdnest, and controls the day to day operations of the park, usually through hired property managers.

3.

On or about May 15, 2015, Plaintiffs and Birdnest entered into a month-to-month rental agreement for Plaintiffs to place the recreational vehicle they owned on Space 19 ("the rented space" or "Space 19") in the park.

4.

At all relevant times, Plaintiffs were and are tenants of Defendants and Defendants were Plaintiffs' landlord.

5.

Defendants employed Doug Felkins ("Felkins") as an on-site property manager for the park until about December 1, 2016. Defendants employed Partners Property Management and Sales ("Partners") on or about December 1, 2016 through on or about March 22, 2017 as park managers. Plaintiffs believe Bird now manages the park on behalf of Birdnest.

6.

At all relevant times, Defendants had a duty to maintain the rented space in a habitable condition, including plumbing facilities maintained in good working order, pursuant to ORS 90.320.

7.

Beginning on or about the summer of 2015, sewage flowed onto Plaintiffs' space from the

Page 2 of 13 – COMPLAINT

Verified Correct Copy of Original 4/17/2017

park's septic system pipes when Plaintiff James Currin attempted to drain the sewage storage tank on his recreational vehicle into the park's septic system. Sewage flows up onto Plaintiffs' space whenever they attempt to drain their recreational vehicle's sewage storage tank into the park's septic system, continuing to the present.

8.

Beginning on or about summer of 2015, sewage flowed onto Plaintiffs' space from the park's septic system when Plaintiffs' neighbor in Space 18 attempted to drain the sewage storage tank in her recreational vehicle into the park's septic system. Sewage flows up onto Plaintiffs' space whenever the neighbor in Space 18 attempts to drain her recreational vehicle's sewage storage tank into the park's septic system, continuing to the present.

9.

Throughout their tenancy and continuing today, Plaintiffs have experienced regular overflow of raw sewage onto Space 19 from the park's septic system.

10.

Defendants were aware of ongoing problems with the park plumbing facilities. An investigation and report from a Solid Waste Site Investigation by the Oregon Department of Environmental Quality conducted on March 18, 2015 explicitly referenced sewage and plumbing issues with Space 19, as well as spaces 9, 4, and 5. Felkins consistently reported problems with the plumbing to Bird.

11.

Plaintiffs and other tenants made multiple reports to Felkins, at the time and in his capacity as manager of the park, beginning on or about June 2015, regarding the problems with the sewage drainage pipe and raw sewage flowing onto their spaces. Plaintiffs reported the problems with the septic drainage pipe and raw sewage flowing into their space to Felkins every few months thereafter. Felkins communicated the problems to Bird and called septic contractors to clear the septic and sewage lines.

Page 3 of 13 – COMPLAINT

Verified Correct Copy of Original 4/17/2017

12.

In the fall of 2015, Defendants caused maintenance to be done on the park septic system and Plaintiffs were able to use their septic drainage pipe for a few months. Plaintiffs believe this work included pumping the septic tank that serves Space 19 and/or pipes at or near Space 19.

13.

On or about November 2015, the septic drainage pipe at Space 19 backed up again, causing raw sewage to leak onto Space 19.

14.

On or about November 2015, Plaintiffs reported the leak and back-up to Felkins. Plaintiffs attempted to call Bird to complain about the septic and sewage problems. They discovered Bird had blocked their phone number from his phone, and were unable to make calls or send text messages to him. Plaintiffs have not been able to reach Bird directly at any time since.

15.

Throughout Plaintiffs' tenancy, Defendants have periodically caused work to be done to the park septic system, including pumping the lines and/or septic tank. This work has allowed Plaintiffs to live without a sewage back-up onto Space 19 for a few weeks at a time. However, Defendants' efforts have not permanently stopped the flow of raw sewage onto Plaintiffs' space, remedied the problems in the septic system for the park, or allowed Plaintiffs to fully use the park's septic disposal system or the plumbing facilities on Space 19.

16.

Plaintiffs have experienced multiple back-ups of raw sewage onto Space 19 since April 2016, and continued to communicate with Felkins about those back-ups, at the time and in Felkins' capacity as manager of the park. Plaintiffs were unable to reach Bird to communicate directly to Bird.

Legal Aid Services of Oregon
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

Verified Correct Copy of Original 4/17/2017

17.

Throughout their tenancy, Plaintiffs have used the plumbing facilities on Space 19 and throughout the park appropriately.

18.

Defendants were further made aware of the problems with the plumbing facilities and water supply when Plaintiffs filed a response to a forcible entry and detainer action brought by Defendants, through Partners, against Plaintiffs, in Deschutes County Circuit Court case number 17LT03309. On March 8, 2017, Plaintiffs alleged "The plaintiff-landlord did not make repairs. List any repair problems: sewer inoperable. Water undrinkable."

19.

In rendering judgment in favor of Plaintiffs in the FED action on March 22, 2017, the Court included an award of $500 in damages for the "deplorable conditions and lack of action by landlord." The Court also waived rent "unless or until sewage conditions are remedied and confirmed remedied by a licensed, bonded, and insured professional." In addition, the Court waived rent until the drinking water underwent lab analysis by a certified lab to determine its fitness for human consumption.

20.

On or about March 31, 2017, Plaintiffs noticed the septic disposal pipe on their space had been drained. On or about April 7, 2017, Defendants notified Plaintiffs, through counsel, that Abe Jones Septic Service, Inc. had cleared blockage and verified drainage at Space 19. This was a temporary fix that did not address the long-standing park-wide septic issues.

21.

Unless and until Defendants address the underlying cause of the chronic sewage and septic issues at the Park, Plaintiffs will continue to experience sewage overflow.

22.

On or about April 3, 2017, Plaintiffs noticed a white powder had been spread over their

Page 5 of 13 – COMPLAINT

Legal Aid Services of Oregon
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

personal property and on Space 19, around the septic disposal pipe. On or about April 7, 2017, Defendants notified Plaintiffs, through counsel, that Abe Jones Septic Service, Inc. had spread lime on the contaminated area at Space 19.

23.

Apart from the actions alleged above, Defendants have taken no steps, to Plaintiffs' knowledge, to repair the septic system at Space 19 or elsewhere in the park, to remove or remediate the contaminated soil on Space 19, or to prevent the overflow of raw sewage onto Space 19.

24.

As a result of the ongoing sewage back-ups, raw sewage seeped into the ground, damaging Plaintiffs' rented space.

25.

As a result of the ongoing sewage back-ups and flow of raw sewage onto their space, Plaintiffs have been exposed to raw sewage, which is a public health hazard. Plaintiffs have experienced noxious odors from raw sewage, the continuous presence of flies, larva, and maggots, and the ongoing presence of filth and contamination on Space 19.

26.

Plaintiffs have been unable to fully use the space they rented for their recreational vehicle, including an inability to recreate outside, walk safely on the ground, or empty the septic tank on their recreational vehicle, which is necessary for Plaintiffs to be able to fully utilize the bathroom and facilities in their home.

27.

As a result of the sewage back-ups, Plaintiffs suffered damages under ORS 90.360(2), including a reduction in rental value of their rented space and emotional harm including increased anxiety, helplessness, stress, and worry for their health and physical safety, in an amount to be determined at trial, but not to exceed $10,000.00.

Page 6 of 13 – COMPLAINT

**Legal Aid Services of Oregon**
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

28.

Pursuant to ORS 90.360(2), Plaintiffs are entitled to injunctive relief directing Defendant to repair and/or replace and maintain the park's plumbing facilities in good working order to prevent further overflow of raw sewage onto Space 19, and to repair Plaintiffs' rented space and keep it free from soil contaminated by sewage.

29.

Plaintiffs are entitled to attorney fees, costs, and disbursements, pursuant to ORS 90.255.

**For a SECOND CLAIM FOR RELIEF (Landlord noncompliance with obligation to maintain premises – water supply, ORS 90.320 et seq.), Plaintiffs allege:**

30.

Plaintiffs incorporate the preceding paragraphs.

31.

At all relevant times, Defendants had a duty to maintain the rented space in a habitable condition, including a water supply maintained to provide safe drinking water, pursuant to ORS 90.320.

32.

Beginning on or about May 15, 2015, the water supply for Space 19 failed to supply safe drinking water and Plaintiffs have been without safe drinking water since. The water supplied to Space 19 is cloudy, foul-tasting, and full of mucous-like foam.

33.

Plaintiffs complained to Felkins, at the time and in his capacity as park manager, beginning on or about June 2015, regarding the problems with the park water supply and their inability to drink the water supplied to their space.

34.

On or about April 10, 2017, an individual identifying himself as from Pine Ridge Pump came

Page 7 of 13 – COMPLAINT

to Space 19 and took a sample of water from the water spigot on Space 19. Plaintiffs have not learned of the results from any test of that sample.

35.

As a result of the lack of safe drinking water at Space 19, Plaintiffs have had to purchase bottled water for eating, drinking, and cooking, and have had to expend time boiling the water supplied by the park to make it safe for consumption.

36.

As a result of the problems with the park water supply, Plaintiffs suffered damages under 90.360(2), including a reduction in rental value of their rented space and emotional harm including increased anxiety, helplessness, stress, and worry for their health and physical safety, in an amount to be determined at trial, but not to exceed $10,000.00.

37.

Pursuant to ORS 90.360(2), Plaintiffs are entitled to injunctive relief directing Defendant to provide Plaintiffs with a water supply that provides safe drinking water to Space 19.

38.

Plaintiffs are entitled to attorney fees, costs, and disbursements, pursuant to ORS 90.255.

**For a THIRD CLAIM FOR RELIEF (Landlord noncompliance with obligation to maintain premises – buildings and grounds free from debris and filth, ORS 90.320 et seq.), Plaintiffs allege:**

39.

Plaintiffs incorporate the preceding paragraphs.

40.

At all relevant times, Defendants had a duty to maintain buildings, grounds, and appurtenances at the time of commencement of the rental agreement in every part safe for normal and reasonably foreseeable uses, clean sanitary and free from all accumulations of debris and filth, and all areas under control of the landlord kept in every part safe for normal

Page 8 of 13 – COMPLAINT

**Legal Aid Services of Oregon**
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

Verified Correct Copy of Original 4/17/2017.

and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris and filth, pursuant to ORS 90.320.

41.

As a result of the sewage back-up, Plaintiffs' rented space became inundated with filth and contaminated sewage and soil.

42.

Defendants have not sufficiently remediated, removed, or treated the contaminated soil on Space 19.

43.

As a result of the sewage back-up, Plaintiffs suffered damages under 90.360(2), including a reduction in rental value of their rented space and emotional harm including increased anxiety, helplessness, stress, and worry for their health and physical safety, in an amount to be determined at trial, but not to exceed $10,000.00.

44.

Pursuant to ORS 90.360(2), Plaintiffs are entitled to injunctive relief directing Defendant to remediate, remove, and/or treat the soil on Plaintiffs' rented space and keep Space 19 free from soil contaminated by sewage and free from health hazards.

45.

Plaintiffs are entitled to attorney fees, costs, and disbursements, pursuant to ORS 90.255.

46.

**For a FOURTH CLAIM FOR RELIEF (Private nuisance), Plaintiffs allege:**

47.

Plaintiffs incorporate the preceding paragraphs.

48.

The sewage backups onto Space 19 are a substantial interference with Plaintiffs' right to exclusive use and enjoyment of their property by wholly or partially contaminating the soil

Page 9 of 13 – COMPLAINT

**Legal Aid Services of Oregon**
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3,Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

on Space 19 with sewage to such a degree that a normal person with ordinary habits and sensibilities would have been significantly harmed. Plaintiffs were significantly harmed.

49.

The sewage backups onto Space 19 are an unreasonable interference with Plaintiffs' right to exclusive use and enjoyment of their property because the sewage back up was a harm greater than Plaintiffs should have been required to bear in the circumstance of renting a space in a manufactured home park, where Defendants are statutorily obligated to maintain plumbing facilities in good working order.

50.

The harm to Plaintiffs and their property is extensive, as described above.

51.

Plaintiffs are using the space exactly as intended – as a space to park and hook up their recreational vehicle to utilities and working plumbing facilities into which to dump their recreational vehicle's sewage tank.

52.

Plaintiffs' use is socially valuable whereas a failed sewage system and septic back-ups have no social value and create a threat to the health and safety of Plaintiffs and the public, including other tenants of the park.

53.

Defendants are under a duty to maintain the plumbing facilities, over which Plaintiffs have no control or right to maintain and therefore have little to no ability to avoid the sewage backups.

54.

Defendants are culpable for Plaintiffs' injuries because Defendants' failure to maintain the plumbing facilities in good working order caused a foreseeable risk of a sewage back up onto Plaintiffs' rented space.

Page 10 of 13 – COMPLAINT

Verified Correct Copy of Original 4/17/2017.

55.

ORS 90.320 imposes a duty on Defendants to maintain the plumbing facilities for the benefit of the residents of Defendants' manufactured home park, which Plaintiffs are.

56.

Defendants' failure to maintain the plumbing facilities in good working order was unreasonable in light of the risk of a sewage back up onto Plaintiffs' rented space where Plaintiffs parked their recreational vehicle in which they reside; Defendants' failure to maintain the plumbing facilities in good working order caused Plaintiffs' harm; and Plaintiffs, as tenants of Defendants', are within the class of person and Plaintiffs' injury was within the general type of potential incidents and injuries that made Defendants' conduct negligent.

57.

Defendants' failure to maintain the plumbing facilities in good working order caused the sewage back-ups.

58.

As a result of the sewage back-up, Plaintiffs' rented space was reduced in its rental value, by an amount to be determined at trial, but not more than $10,000.00. Plaintiffs are entitled to recover this amount pursuant to ORS 105.505.

59.

As a result of the sewage back-up, Plaintiffs suffered damages of emotional and mental suffering when they were forced to live on a space inundated with raw sewage, and clean up that sewage without assistance from their landlord, and including increased anxiety, helplessness, stress, and worry for their health and physical safety, in an amount to be determined at trial but not more than $250,000.00. Plaintiffs are entitled to recover this amount pursuant to ORS 105.505. Plaintiffs reserve the right to amend their complaint and seek punitive damages for Defendants' actions.

Legal Aid Services of Oregon
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

Verified Correct Copy of Original 4/17/2017.

60.

Plaintiffs are entitled to attorney fees, costs, and disbursements, pursuant to ORS 90.255.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

1. Declaratory relief that Defendants are responsible for maintaining the park's plumbing facilities in good working order;

2. Declaratory relief that Defendants are responsible for maintaining a water supply to provide safe drinking water to Plaintiffs;

3. Injunctive relief directing Defendants to repair and/or replace and maintain the park's plumbing facilities in good working order;

4. Injunctive relief directing Defendants to repair Plaintiffs' rented space and keep it free from soil contaminated by sewage;

5. Injunctive relief directing Defendants to repair and maintain the park's water supply so as to provide safe drinking water to Plaintiffs;

6. Awarding such damages as set forth above;

7. Awarding attorney fees, disbursements, and costs, pursuant to ORS 90.255; and

//

//

//

//

//

//

//

//

//

//

Page 12 of 13 – COMPLAINT

**Legal Aid Services of Oregon**
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915

8.  Any other relief the court deems just and appropriate.

Dated this ⅓ day of April, 2017

Verified Correct Copy of Original 4/17/2017.

LEGAL AID SERVICES OF OREGON

By: _____
Elizabeth Oshel, OSB #104705
Elizabeth.oshel@lasoregon.org

Racheal Egan Baker, OSB #011945
Racheal.baker@lasoregon.org
20360 Empire Ave., Ste. B-3
Bend, OR 97703

OREGON LAW CENTER

Emily Teplin Fox OSB #121720
522 SW Fifth Ave., Suite 812
Portland, OR 97204
efox@oregonlawcenter.org

Of Attorneys for Plaintiffs

**Legal Aid Services of Oregon**
*Central Oregon Regional Office*
20360 Empire Ave., Ste. B-3 Bend, OR 97703
(541) 385-6944 Fax: (541) 385-8915