*EXHIBIT 9*



**The relief described hereinbelow is SO ORDERED.**

**Signed March 09, 2020.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS ROBERT BIRD | § | Case No.   19-52791-brk |
| | § | (Chapter 13) |
| Debtor | § | |

<u>**VOLUNTARY DISMISSAL ORDER**</u>
(Re. Dkt Nos. 22 and 58)

The Court considered the *Chapter 13 Trustee's Motion to Convert* filed by the Chapter 13 Trustee, the *Response in Opposition* filed by the Debtor, and the *Debtor's and Creditors' Emergency Motion for Voluntary Dismissal of Chapter 13 Case* filed by Douglas Robert Bird, the Debtor in this case, and James Currin and Robin Currin, the Creditors in this case, (the "Motion") and having presented to the Court the Settlement Agreement attached hereto as **Exhibit A**. For the reasons articulated on the record, the Court finds that the *Voluntary Motion to Dismiss* should be granted pursuant to 11 U.S.C. § 1307(b) and the *Trustee's Motion to Convert* should be denied denied; it is therefore

**ORDERED** that this Chapter 13 bankruptcy proceeding is hereby DISMISSED; it is further

**ORDERED** that the Chapter 13 Trustee, Mary K. Viegelahn, is entitled to expenses in the amount of $427.50 and an allowed claim in the amount of $25.00 both of which shall be paid prior to distributing any remaining funds on hand to the Debtor; it is further

**ORDERED** that the **Debtor, Douglas Robert Bird, will not refile another bankruptcy proceeding in any United States Bankrutptcy Court within one (1) year from entry of this Order. the Clerk is directed not to accept any case filing from this debtor during the ordered period** ; it is further

**ORDERED** that the Chapter 13 Trustee's Motion to Convert at Dkt. No. 22 is DENIED; it is further

**ORDERED** that any and all other pending mentions and or objections are dismissed as MOOT.

# # #

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into between James and Robin Currin (collectively, "the Currins"), and Douglas Bird, Leah Bird, Birdnest Mobile Estates, LLC, Bird Family Partners Ltd., Douglas R. Bird, P.C., Bird Resource Management, Inc. (collectively, the "Bird Parties") (the Bird Parties together with the Currins, the "Parties") as of the effective date below.

### RECITALS

WHEREAS, on April 13, 2017, the Currins filed a complaint in Deschutes County Circuit Court of the State of Oregon, No. 17CV15370 alleging violations of the Oregon Residential Landlord Tenant Act and a claim for private nuisance against Douglas Bird and Birdnest Mobile Estates, LLC ("the Lawsuit");

WHEREAS, the Lawsuit concluded in a September 10, 2018 General Judgment and Money Award in the Currins' favor after trial in the amount of $93,625.00, in addition to three other judgments in the Currins' favor: a June 4, 2018 Limited Judgment for attorney fees in the amount of $1,648.85, a February 5, 2019 Supplemental Judgment for attorney fees and costs in the amount of $165,193.70, and a July 25, 2019 Appellate Judgment for attorney fees in the amount of $6,971.50;

WHEREAS, the Parties have had and continue to have numerous other lawsuits and claims between them, including *Currin, et al. v. Birdnest Mobile Estates, LLC, et al.*, Case No. 19CN02933 (Deschutes County, Contempt), *Currin, et al. v. Birdnest Mobile Estates, LLC, et al.*, Case No. 19CV15340 (Deschutes County, Uniform Fraudulent Transfer Act); *Currin, et al. v. Birdnest Mobile Estates, LLC, et al.*, Cause No. C-1-CV-19-005943 (Travis County, Texas); and *Currin, et al. v. Birdnest Mobile Estates, LLC, et al.*, Cause No. C-1-CV-19-006031 (Travis County, Texas);

WHEREAS, on November 26, 2019, Douglas Bird filed for bankruptcy in the Western District of Texas, Case No. 19-52791-rbk ("Bankruptcy Case");

WHEREAS, the Currins assert that the Bird Parties collectively owes them over $500,000 in accumulating attorney fees and costs, damages, contempt damages, and interest, while Bird Parties contest such amounts are owed;

WHEREAS, the Parties wish to resolve any claims they may have against one another without resort to further litigation, without any admission of liability by any party;

NOW, THEREFORE, in consideration of the amounts payable and mutual covenants as set forth below, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1.    Dismissal of Bankruptcy Case on March 5, 2020. Upon the effective date of this Agreement, the Parties shall file the attached Debtor's and Creditors' Emergency Motion Expedited for Voluntary Dismissal of Chapter 13 Case (**Exhibit A**). The Parties expect that the Bankruptcy Case will be voluntarily dismissed March 5, 2020. Dismissal of the Bankruptcy Case," for purposes of this Agreement, means dismissal on March 5, 2020.

Page 1 – SETTLEMENT AGREEMENT AND MUTUAL RELEASE

2.      Settlement Payment. Bird Family Partners, Ltd. agrees to pay to the Currins the amount of Four Hundred and Five Thousand Dollars ($405,000.00) (the "Settlement Payment"), payable to Oregon Law Center Client Trust Account, for distribution on **Thursday, March 12, 2020,** allocated as follows:

    a.  $130,077.91 as damages incurred by the Currins;

    b.  $274,922.09 as attorney fees and costs incurred by the law firms of the Oregon Law Center, Legal Aid Services of Oregon, and Texas RioGrande Legal Aid;

As a condition of payment of the Settlement Payment, the Currins will provide a completed W-9 to Mr. Douglas Bird's counsel, Anabel King, by March 6, 2020.

3.      Conditions Precedent/Reservation of Rights. The Parties agree that this Agreement is conditioned upon on the completion of and performance of the conditions set forth in sections 1 and 2, above. If the Bankruptcy Case is not dismissed on March 5, 2020, and/or the settlement payment is not distributed on March 12, 2020, as set forth in sections 1 and 2 above, **then this Agreement is null and void,** no party is bound to any of its provisions, and the Parties reserve all rights and claims existing prior to the Agreement's execution.

4.      Release. Upon (a) execution of this Agreement, (b) dismissal of the Bankruptcy Case, and (c) receipt of the Settlement Payment, the Parties, for themselves and their parent companies, subsidiaries, wholly-owned corporations, affiliates, predecessors, successors, related entities and assigns, as well as their respective past and present officers, directors, sureties, employees, agents, attorneys and insurers, do each hereby fully release, discharge and forever acquit each other and their respective parent companies, subsidiaries, wholly-owned corporations, affiliates, predecessors, successors, related entities and assigns, as well as their respective past and present officers, directors, sureties, employees, agents, attorneys and insurers, from any and all claims and causes of actions of any kind, arising from the beginning of time to the effective date of this Agreement, except for the obligations arising from this Agreement.

5.      Dismissal of Lawsuit and Related Matters. After execution of this Agreement, dismissal of the Bankruptcy Case, and receipt of the Settlement Payment, the Currins shall, within twelve (12) days, take the following actions:

    a.  File the following in Case No. 17CV15370 (Deschutes County, Oregon):

        i.  Full Satisfaction of General Judgment and Money Judgment signed September 6, 2018;

        ii.  Full Satisfaction of Supplemental Judgment and Money Award Signed February 4, 2019; and

Page 2 – SETTLEMENT AGREEMENT AND MUTUAL RELEASE

iii. Full Satisfaction of Limited Judgment and Money Award signed on May 24, 2018 (entered in Cause A169007);

b. File Release and Full Satisfaction of Foreign Judgment in Cause No. C-1-CV-19-006031 (Travis County, Texas);

c. File Release and Full Satisfaction of Foreign Judgment in Cause No. C-1-CV-19-006031 in Cause No. C-1-CV-19-0005943 (Travis County, Texas);

d. File a Stipulation of Dismissal in Case No. 19CN02933;

e. File Stipulation of Dismissal with Prejudice in 19CV15340 (Deschutes County);

f. Record a Notice of Discharge as to the lis pendens in Crook County, No. 2019-292679; and

g. Record a Notice of Discharge as to the lis pendens in Deschutes County, No. 2019-11586.

6. **Jurisdiction and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon. The parties agree that the exclusive venue for all actions that in any way relate to this Agreement shall be a court of competent jurisdiction in the State of Oregon.

7. **Miscellaneous.**

a. **Binding.** The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective parent companies, subsidiaries, wholly-owned corporations, affiliates, predecessors, successors, related entities and assigns, as well as their respective past and present officers, directors, sureties, employees, agents, attorneys and insurers.

b. **No Modification Without Consent.** This Agreement may not be modified or amended except by the written agreement of the Parties. No modification or amendment or attempted waiver of any provision of this Agreement shall be binding unless in writing and signed by authorized representatives of both Parties. This Agreement may not be modified or amended orally.

c. **Entire Agreement.** This Agreement contains the entire agreement and understanding of the Parties with respect to the matters described within the Agreement, and supersedes all prior and contemporaneous agreements between them with respect to such matters.

d. **Assumption of Risk.** Each party to this Agreement is expressly assuming any and all risks of entering into this Agreement. Each party acknowledges that the risks being assumed include, without limitation, the

Page 3 – SETTLEMENT AGREEMENT AND MUTUAL RELEASE

risk of any mistake of fact or law relating to matters settled in this Agreement, and all tax risks and consequences of this Agreement.

f.     <u>Informed Consent</u>. The Parties acknowledge that they: (a) have had the opportunity to consult with their legal representatives regarding the form and substance of this Agreement; (b) have undertaken to receive and have received legal advice regarding the form and substance of these documents; and (c) enter into, execute, deliver and agree to perform their respective covenants set forth in this Agreement of their own free will, having considered the legal advice they have received.

g.     <u>No Favorable Interpretation to Non-Drafting Party</u>. This Agreement is the product of negotiation and preparation by and among each party and their respective attorneys. Therefore, the parties acknowledge and agree that the terms of this Agreement shall not be deemed prepared or drafted by one party or another and should be construed accordingly.

h.     <u>Preservation</u>. In the event any provision of this Agreement or any application of this Agreement shall be found invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not in any way be impaired or affected, and shall be interpreted and enforced in a manner to not reduce the rights or increase the obligations of the Parties.

i.     <u>Counterparts</u>. This Agreement may be executed in counterparts (including scanned or e-mailed counterparts), each of which shall be deemed to have been received upon receipt.

j.     <u>Attorney's Fees and Costs</u>. The Parties to this Agreement shall bear their own costs, including attorney's fees incurred prior to the Effective Date of this Agreement.

k.     <u>Effective Date</u>. The effective date of this Agreement is the date on which the last party executes the Agreement below.

THIS SPACE IS INTENTIONALLY LEFT BLANK

SIGNATURES IMMEDIATELY FOLLOW

Page 4 – SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Robin Currin

Date: 3/5/20

Birdnest Mobile Estates, LLC

Title: Ass of GP. of Bird Resource Mangemnt lc

Date: 3/4/2020

James Currin

Date: 3/5/20

Bird Family Partners, Ltd.

Title: VP of GP of Bird Resource Mgmt Inc

Date: 3/4/2020

Douglas Bird

Date: 3/4/2020

Douglas R. Bird, P.C.

Title: President

Date: 3/4/2020

Leah Bird

Date: 3/4/2020

Bird Resource Management, Inc.

Title: VP

Date: 3/4/2020

Page 5 – SETTLEMENT AGREEMENT AND MUTUAL RELEASE